**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **PETERBILT OF GREAT BEND, LLC,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **WENDELL M. DOONAN, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 05-1281-JTM |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of the Kansas Department of Labor (KDOL) to quash a subpoena duces tecum issued by plaintiff. (Doc. 28). Plaintiff opposes the motion. For the reasons set forth below, the motion shall be DENIED.

### Background

The genesis of this lawsuit is the sale of a truck dealership in Great Bend, Kansas. Highly summarized, plaintiff alleges that defendants, Doonan Truck & Equipment, Inc. and Wendell M. Doonan, sold the assets of the dealership to plaintiff pursuant to a contract containing warranties, representations, and a non-compete agreement.[1] After the sale of the

---

[1] Wendell Doonan is a controlling stockholder, officer and director of Doonan Truck & Equipment.

assets, Wendell Doonan's son (Warren) opened *Warren* Doonan's Truck & Equipment dealership in Great Bend and competes directly with plaintiff. Plaintiff contends that Wendell directly and/or indirectly assists his son and is in violation of the non-compete clause.[2]

## Motion to Quash

In an effort to discover evidence of Wendell's assistance to Warren's recently opened dealership, plaintiff served a subpoena duces tecum on the KDOL for:

> All applications for unemployment insurance or other programs or requirements with the Kansas Department of Labor for Warren Doonan Truck & Equipment, Inc.

The KDOL moves to quash the subpoena, arguing that the requested information is privileged under K.S.A. 44-714(f). Plaintiff counters that the authority cited by KDOL does not support the relief requested in the motion to quash because plaintiff requests only the *applications* by Warren Doonan Truck & Equipment and "does not seek private information regarding any proceedings with the KDOL or regarding any of [Warren Doonan's] employees." As explained in greater detail below, the motion to quash shall be denied.[3]

The party opposing discovery based on a privilege carries the burden of showing that

---

[2] Plaintiff also alleges (1) a breach of the asset purchase agreement, (2) fraudulent inducement, (3) a civil conspiracy, and (4) negligent misrepresentation.

[3] The KDOL filed no reply brief following plaintiff's clarification of its discovery request. However, because neither party indicates that this matter is resolved, the court will address the merits of the motion.

the claimed privilege is applicable. See e.g. ERA Franchise Sys. Inc. v. Northern Ins. Co., 183 F.R.D. 276, 278 (D. Kan. 1998)(party objecting to discovery based on privilege bears burden of establishing that it applies) . As noted above, KDOL relies on K.S.A. 44-714(f) to support its contention that *all* KDOL records are privileged.[4] However, the court is not persuaded that the privilege set forth in K.S.A. 44-714(f) is as comprehensive as suggested by KDOL.

The relevant text of K.S.A. 44-714(f) provides that the following KDOL records are confidential:

> ...any sworn or unsworn reports, **with respect to persons employed** by [the employing unit] which the secretary deems necessary for the effective administration of this act. (Emphasis added).
>
> \*   \*   \*
>
> ...transcript made at any such benefit hearing....

The statute does not mention "applications" by an employer for participation in the insurance program. More importantly, the information sought by plaintiff (whether the application shows any interest by Wendell in Warren's dealership) is not the type of *employee* information which K.S.A. 44-714(f) makes confidential. KDOL has failed to carry its burden of showing that the applications requested in plaintiff's subpoena duces tecum are privileged. Accordingly, the motion to quash shall be DENIED.

---

[4] KDOL also cites several cases from the District of Kansas in support of its motion. However, the opinions are unpublished and no copies have not been provided for the court's consideration. Under the circumstances, such references and citations lack any persuasive authority.

**IT IS THEREFORE ORDERED** that KDOL's motion to quash **(Doc. 28)** is **DENIED.**[5]

**IT IS FURTHER ORDERED** that KDOL shall produce the information requested in the subpoena duces tecum on or before **February 10, 2006.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 30th day of January 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5] This ruling is limited to the particular facts of this case and KDOL's failure to carry its burden of showing the existence of a privilege. The ruling shall not be cited as precedent in any future disputes concerning the application of K.S.A. 44-714(f).

-4-