IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETERBILT OF GREAT BEND, LLC,

    Plaintiff,

vs.                                    Case No. 05-1281-JTM

WENDELL M. DOONAN, *et. al.*,

    Defendants.

MEMORANDUM AND ORDER

Defendants, Warren Doonan (hereinafter "Warren"), Warren Doonan Truck & Equipment, Inc. (hereinafter "WDTE"), Wendell M. Doonan (hereinafter "Wendell"), and Doonan Truck & Equipment, Inc. (hereinafter "Doonan Truck") filed the present motion to quash the subpoena *duces tecum* issued on October 13, 2006 by plaintiff to Kansas City Peterbilt, Inc. (hereinafter "KCP") and to quash the 30(b)(6) deposition of a KCP representative scheduled for November 3, 2006 at 10:00 a.m. For the following reasons, the court grants defendants' motion.

*I.  Factual Background:*

The present case is set for trial on February 6, 2007 at 9:00 a.m. Revised Pretrial Order (Dkt. No. 83), pg. 24. In the order on status conference filed April 20, 2006, all discovery was to be completed by August 11, 2006. Order on Status Conference (Dkt. No. 53), pg. 1.

On October 13, 2006, plaintiff, Peterbilt of Great Bend (hereinafter "PGB") issued a deposition subpoena duces tecum to KCP seeking deposition testimony and the production of

certain documents. Defendants objected to the taking of depositions of KCP representatives for the following reasons: (1) the discovery deadline of August 11, 2005 had passed; (2) defendants disclosed their relationship with KCP in a Rule 26 disclosure statement filed on December 2, 2005; (3) defendants disclosed a consulting service arrangement between defendants and KCP when they filed answers to interrogatories on March 3, 2006; and (4) any contractual arrangements that exist between defendants and KCP have no relevance on the legal issue of whether PGB has any legal basis to prohibit defendants from competing against it. Defendants' Motion to Quash (Dkt. No. 93), pg 2. Defendants further allege that plaintiff was provided with substantial information concerning the relationship between defendants with KCP through the Fed. R. Civ. P. 26 initial disclosures, through answers to interrogatories, through documents produced, and through defendants' deposition testimony.

*II.  Conclusions of Law:*

Plaintiff argues in its response to defendants' motion to quash (Dkt. No. 98) that the motion to quash should be denied on the basis of standing, citing *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995), for the proposition that only the party to whom the subpoena is directed may seek to quash the subpoena unless the challenging party demonstrates the existence of his protected personal right or that the documents sought are subject to a privilege. Plaintiff notes that the subpoena was directed to KCP, however, KCP has not filed a motion to quash the subpoena. Moreover, the plaintiff argues, defendants have not demonstrated a personal right to be protected or that the documents are subject to a privilege.

Additionally, plaintiff concedes that the court set a discovery deadline of August 11, 2006 and that the subpoena issued on October 13, 2006, falls outside the discovery deadline.

Plaintiff cites that it did not obtain defendants' deposition transcripts until after the revised pretrial order was filed.

A motion to quash or modify a subpoena *duces tecum* may be made only by the party to whom the subpoena is directed. *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). An exception to this rule exists where the party seeking to challenge the subpoena has a personal right or privilege in respect to the subject matter requested in the subpoena. *Id.* (citing 5 A J. Moore, *Federal Practice and Procedure* ¶ 45.05[2]). However, "when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." *Revander v. Denman*, 2004 WL 97693, *1 (S.D.N.Y. 2004) (holding that although a party does not have standing to challenge a subpoena issued to a third-party witness unless a personal right or privilege is implicated, the court, in its exercise of discretion, may deny a subpoena request when it finds that there is no reason why the subpoena could not have been brought during the discovery period (citing *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587-88 (W.D.N.Y. 1995))).

Defendants do not have standing to file the present motion to quash. Not only is the subpoena *duces tecum* directed to a non-party, but defendants do not argue that the subpoena *duces tecum* involves a protected personal right or is subject to a privilege.

However, plaintiff has issued the present subpoena outside the discovery period established by the court. Plaintiff argues only that it did not receive deposition transcripts until after the revised order was filed on August 25, 2006. Defendants provided substantial information concerning the relationship between defendants with KCP through the initial

disclosures, answers to interrogatories, documents produced, and through the deposition testimony. This information was produced from December 2, 2005 through July 25, 2006. Therefore, the court finds no reason why plaintiff should not have issued the subpoena *duces tecum* to KCP during the discovery period. *See Revander*, 2004 WL 97693 at *1.

IT IS ACCORDINGLY ORDERED this 1st day of November, 2006, that defendants' motion to quash subpoena *duces tecum* and deposition (Dkt. Nos. 93 and Dkt. No. 94) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE